**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4678**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

GARY DEAN WHITE, a/k/a G,

             Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte. Frank D. Whitney,
District Judge. (3:03-cr-00181-FDW)

Submitted: May 2, 2008               Decided: June 6, 2008

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William R. Terpening, ANDERSON TERPENING, PLLC, Charlotte, North
Carolina, for Appellant. Gretchen C. F. Shappert, United States
Attorney, Adam Morris, Assistant United States Attorney, Charlotte,
North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary Dean White appeals the imposition of a life sentence following his guilty plea pursuant to a written plea agreement to one count of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841, 846, 851 (2000). On appeal, he challenges the district court's finding that the Government did not abuse its discretion in denying him a second opportunity to provide substantial assistance following violation of the conditions of his bond, the district court's grant of the Government's motion to quash White's subpoenas, and the district court's denial of White's motion to withdraw his guilty plea. We affirm.

The record reflects that White recognized explicitly in the plea agreement, as well as during his Fed. R. Crim. P. 11 proceeding, that he was subject to a mandatory life sentence for his crime. His plea agreement contained several terms relating to his desire to cooperate with the Government, in exchange for a reduced sentence in the form of a government motion for downward departure for substantial assistance under U.S.S.G. § 5K1.1 (2006) and 18 U.S.C. § 3553(e) (2000). Specifically, he agreed to cooperate and provide truthful information. He represented that he would "not violate any federal, state, or local law, or any order of any court, including any conditions of pretrial, pre-sentence, or post-sentence release." White further represented that he

- 2 -

"underst[ood] that any breach of [the] agreement . . . [would] allow the government, *in its sole discretion*, to withdraw from its obligations under [the] Plea Agreement." (emphasis added). White also specifically waived his right to attack or appeal the United States' exercise of its discretion, as well as his right to withdraw his guilty plea. White argues no error with regard to his Rule 11 proceeding and the acceptance of his plea.

Nine months after being released to cooperate, and following his involvement in two controlled buys and assistance which led to the arrest of an individual on drug trafficking charges, White violated his plea agreement and the law. White was arrested on July 18, 2005, for possession and possession with intent to distribute crack cocaine, clear violations of several conditions of his pretrial release. In addition, White failed to immediately advise authorities of any change in his address or telephone number, and was considered by the probation office to have been an absconder from supervision from June 2005 until August 22, 2005, in further violation of his pretrial release. Finally, he violated his pretrial release conditions because he failed to report to his supervising U.S. Pretrial Services Officer as instructed on two separate occasions. Despite his arrest warrant, White did not turn himself in; he was taken into custody in January 2006 when he was rearrested on another charge.

Following his rearrest, White's lawyer arranged a meeting with non-federal law enforcement officers to offer potential assistance. White and his attorney assert the officers were receptive. The United States Attorney declined to give White a "second chance" at avoiding a life sentence.

At this juncture, White moved to withdraw his guilty plea on the grounds that he was "unreasonably depriv[ed] of his ability to continue providing substantial assistance." At the hearing, White testified that he had essentially been "set up" by a dealer who became aware that he was cooperating with authorities. He admitted that he had violated his bond, and that he had made a mistake, but again promised to cooperate, claiming to have "learned [his] lesson." White put on evidence that he had moved in with his father, and did not have a telephone. At the hearing on the motion, White's attorney reaffirmed that the plea itself was "knowing and voluntary." Following the magistrate judge's recommendation to deny the motion to withdraw, White's counsel subpoenaed the U.S. Attorney's office and the probation office for comprehensive records pertaining to other bond violators, in an effort to establish that the Government's decision to deny White a second chance at cooperation was irrational. The Government moved to quash the subpoenas.

The district court conducted a hearing on both the subpoena issue and White's request for a de novo hearing on his

motion to withdraw his plea.  Following White's attorney's acknowledgment that the records he sought by subpoena were public but that the subpoena would save him money and time in researching the information, the district court granted the Government's motion to quash.  The district court then considered White's motion to withdraw his plea.  While White claimed to have found eight instances of disparate treatment in the information he had found relative to bond violators being given a second chance at cooperating to achieve a § 5K1.1 reduction, he did agree with the district court that the majority of defendants who violate bond are sentenced, as he ultimately was, to their statutorily imposed sentences.  White's position was that any inconsistent treatment among defendants deprived him of his rights and constituted grounds to support the withdrawal of his plea.

In denying White's motion to withdraw, the district court addressed each of the <u>Moore</u>[1] factors, and found that White's plea was knowing and voluntary, that White had not credibly asserted his innocence, and expressly adopted the magistrate judge's uncontested report as to the other factors.  The district court found no bad faith, unconstitutional motive, or irrational act by the Government, and determined that White indisputably had violated and ignored the procedure for cooperation.  White timely appealed from the imposition of the statutorily mandated life sentence.

---

[1]<u>See</u> <u>United States v. Moore</u>, 931 F.2d 245 (4th Cir. 1991).

- 5 -

White first challenges the district court's finding that the Government did not abuse its discretion in denying White a second opportunity to provide substantial assistance following his violation of the conditions of his bond.  He contends both that the Government abused its discretion, and that the district court erred in failing to shift the burden to the Government to demonstrate any rational relationship to a legitimate governmental purpose in denying White a second opportunity to cooperate.

The decision to file a § 5K1.1 motion rests solely within the government's discretion.  United States v. Butler, 272 F.3d 683, 686 (4th Cir. 2001).  Therefore, unless the government has obligated itself in a plea agreement to file a substantial assistance motion, its refusal to do so is not reviewable unless it was based on an unconstitutional motive such as race or religious animus, or not rationally related to a legitimate government end.  Wade v. United States, 504 U.S. 181, 185-87 (1992); Butler, 272 F.3d at 686.

Here, White's plea agreement reflects unequivocally that the Government retained sole discretion in the determination of whether to file a § 5K1.1 motion on White's behalf, and this discretion included the right not to seek a sentence reduction for White's failure to cooperate. The Government never relinquished this discretion.  The ample evidence of White's breaches of his agreement as to cooperation, including White's admissions of his

failures, provides a sufficient basis for the Government's refusal to allow further opportunities for White to cooperate.

Moreover, we find White's argument of Governmental irrationality or caprice to be unpersuasive. There is no evidence that the Government acted in bad faith or with an improper motive. The Government simply concluded that White had breached one too many provisions of his agreement. While White asserts that the eight examples allegedly supporting his position are sufficient to establish irrationality, the district court properly held that, even assuming that White's examples illustrated that eight individuals were treated differently by the Government, his evidence failed to establish irrationality. First, as White stipulated, he was treated just as the majority of violating cooperators in his own examples were treated; that is, that no substantial assistance adjustment was proffered by the government and they were not given further opportunities for cooperation. Second, there is no case law supporting White's proposition.[2] Deterring criminal conduct is a rational governmental interest that

_____

[2]While White relies on United States v. Wilson, 390 F.3d 1003 (7th Cir. 2004), the Government in Wilson admitted at sentencing that the defendant cooperated and that his assistance was substantial enough to qualify for a downward departure. Here, in contrast, White cooperated only partially before breaching his obligations, his promises of future helpfulness were self-serving and vague, and the United States Attorney has indicated that his assistance was not substantial. Plus, the defendant in Wilson did not commit a crime while attempting to cooperate, as White did in this case.

sufficiently supports the government's refusal to make a substantial assistance motion. See United States v. Butler, 272 F.3d 683, 687 (4th Cir. 2001). Moreover, "mere allegations of unconstitutional motive on behalf of the prosecutor are not enough to carry [the defendant's] burden." United States v. LeRose, 219 F.3d 335, 342 (4th Cir. 2000), and White has not provided evidence sufficient to support his claim of governmental irrationality.[3]

We also find to be without merit White's challenge to the district court's action in quashing White's subpoenas, through which he sought to obtain evidence that the Government's refusal to allow White a second opportunity to provide substantial assistance was arbitrary. We review for abuse of discretion the denial of requests for discovery. United States v. Fowler, 932 F.2d 306, 311 (4th Cir. 1991). To require productions, courts have required that subpoenas cover (1) relevant evidentiary materials or documents; (2) that are not otherwise procurable by exercise of due diligence; (3) which the party cannot properly prepare for trial without; and (4) which is not intended as a fishing expedition. United States v. Nixon, 418 U.S. 683, 699-700 (1974).

As the district court recognized in quashing the subpoenas, White stated on more than one occasion that the

---

[3]White's mere mention of race as a possible issue implicating the "unconstitutional motive" test, and his contention that his subpoenas could have revealed a disproportionate racial impact, are wholly conclusory and without any evidentiary support.

information he sought was publicly available.  He admitted that the purpose of the subpoenas was to save him time and money in retrieving the desired information.  Moreover, the record reflects that the offices White subpoenaed did not keep the records he sought in the format in which he sought them, and that they would have had to devote the same financial and man-hour expenditures to compile the information in the same fashion as White would have had to do.  Accordingly, White was unable to establish, under the Nixon standards, that the information he sought was not otherwise procurable by exercise of due diligence.  Nixon, 418 U.S. at 699.  On these facts, we find no abuse of the district court's discretion in granting the Government's motion to quash.

Nor do we find abuse of the district court's discretion in its denial of White's motion to withdraw his guilty plea.  See United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000).  A defendant bears the burden of demonstrating that a "fair and just reason" supports his request to withdraw his plea.  United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).

White received an adequate Fed. R. Crim. P. 11 hearing, which creates a strong presumption that his guilty plea was final and binding.  United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995).  White argues, however, that despite that his plea was entered into knowingly and voluntarily, the Government's refusal to allow him a second chance at cooperating somehow vitiates the

knowing and voluntary nature of his plea. It does not. Moreover, there is no question that it was completely within the Government's discretion whether to move for a downward departure, Butler, 272 F.3d at 686, and it is clear that White understood the Government's sole discretion in all issues relating to cooperation and his plea-agreement obligation not to violate the law. White violated numerous terms of both his plea agreement and his pretrial service/bond requirements, violations to which he admits. There is no case law supporting his position that the courts can force the government to provide to a defendant a second chance at cooperating, absent a finding that such refusal was based on an unconstitutional motive such as race or religion, neither of which have been established in this case. Plus, White does not claim he was innocent of the charges on which the plea agreement was based, nor does he claim that he was subject to incompetent counsel during the relevant proceedings. See Moore, 931 F.2d at 248. Contrary to White's claim, the record amply reflects that the district court thoroughly considered White's claim of unfairness and unjustness, in holding him to his plea. White has not established a fair and just reason to withdraw his guilty plea, and there is no abuse of the district court's discretion in denying his motion to do so. Finally, we decline White's invitation to supplement the standard set forth by this court in Moore.

Accordingly, we affirm White's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED